UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| BRYANT KEY,<br><br>            Plaintiff,<br><br>     v.<br><br>MICROSOFT CORPORATION,<br><br>            Defendant. | Case No. 3:25-cv-07141-JSC<br><br>**ORDER RE: MILLS SADAT DOWLAT LLP'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF BRYANT KEY**<br><br>Re: Dkt. No. 14 |
|---|---|

Plaintiff's counsel Mills Sadat Dowlat LLP seeks leave to withdraw as counsel for Plaintiff Bryant Key. (Dkt. No. 14.[1]) Although Plaintiff was served with a copy of the motion, he has not filed a response and the deadline to do so has passed, *see* Civ. L.R. 7-3(a). After carefully considering the briefing and the relevant legal authority, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the November 6, 2025 hearing, and GRANTS the unopposed motion to withdraw.

**DISCUSSION**

Counsel seeks to withdraw from representation of Plaintiff Bryant Key because following a mediation on September 22, 2025, a "breakdown occurred in the attorney-client relationship between Plaintiff and [counsel], rendering it unreasonably difficult for [counsel] to carry out the representation effectively." (Dkt. No, 14-2, Sadat Decl. at ¶ 3.)

In the Northern District of California, "[c]ounsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case." Civ. L. R. 11-5(a); *Dist. Council 16*

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

*N. California Health & Welfare Tr. Fund v. Lambard Enterprises, Inc*., No. C 09-05189 SBA, 2010 WL 3339446, at *1 (N.D. Cal. Aug. 24, 2010) ("The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record so long as he or she (1) provides written notice to the client and all other parties in the action and (2) obtains leave of the court.") Further, "when withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civ. L. R. 11-5(b).

The decision to permit withdrawal of counsel is within the trial court's discretion. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Among other things, courts ruling on motions to withdraw have considered the reasons counsel seeks to withdraw, the possible prejudice withdrawal may cause other litigants, the harm withdrawal may cause to the administration of justice, and the extent to which withdrawal will delay resolution of the case. *Deal v. Countrywide Home Loans*, No. C 09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010). Courts in this district also consider the standards of professional conduct required of members of the State Bar of California. *U.A. Loc. 342 Joint Lab.-Mgmt. Comm. v. S. City Refrigeration, Inc*., No. C-09-3219 JCS, 2010 WL 1293522, at *3 (N.D. Cal. Mar. 31, 2010) ("In this district, courts look to the standards of professional conduct required of members of the State Bar of California in determining whether counsel may withdraw representation.").

California Rule of Professional Conduct 1.16(b)(4) permits withdrawal of representation if a client "renders it unreasonably difficult for the lawyer to carry out the representation effectively." However, counsel may only withdraw if they have "taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel." Cal. R. Prof. Conduct 1.16(d).

Good cause exists for Counsel's withdrawal from representation of Mr. Key given Counsel's attestation to the breakdown in their relationship at the mediation. (Dkt. No. 14-2, Sadat Decl. at ¶ 3.) Counsel has provided Mr. Key notice of their intent to withdraw as well as a "Case Timeline" outlining the upcoming deadlines. (*Id*. at ¶ 4; Dkt. No. 14 at 3.)

2

Because Counsel's motion was not accompanied by the simultaneous appearance of substitute counsel for Mr. Key or Mr. Key's agreement to represent himself, Counsel shall continue to be served for forwarding purposes unless and until Mr. Key appears by other counsel or representing himself. *See* Civ. L. R. 11-5(b). Counsel shall provide notice to Mr. Key of this Order and their obligation to accept service on Mr. Key's behalf and shall file proof of service of the same within three days of this Order. *Id.*

**CONCLUSION**

Counsel's motion to withdraw as counsel for Plaintiff Bryant Key is GRANTED. The initial case management conference scheduled for November 25, 2025 is continued to December 17, 2025 at 2:00 p.m. via Zoom video to give Mr. Key more time to find substitute counsel. A joint case management conference statement is due December 10, 2025. If Mr. Key does not have counsel by the beginning of December, and he intends then to represent himself, he must cooperate with Defendant's counsel in the preparation of the joint case management conference statement.

Mr. Key is referred to the Court's website which includes information about how to represent yourself in federal court and a link to a copy of the district court's handbook Representing Yourself in Federal Court, which provides instructions on how to proceed at every stage of the case, including discovery, motions, and trial. *See* https://cand.uscourts.gov/pro-se-litigants/. In addition, Plaintiff may wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982 or emailing fedpro@sfbar.org. At the Legal Help Center, Plaintiff may speak with an attorney who may be able to provide free basic legal help but not representation.

This Order disposes of Docket No. 14.

**IT IS SO ORDERED.**

Dated: October 28, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

3